IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 2:17-cr-00506 |
| v. | |
| FOUR SEASONS GENERAL MERCHANDISE, INC.<br>　　Federal Employment ID # _____ | **PLEA AGREEMENT PURSUANT TO FED. R. CRIM. PROC. 11(c)(1)(C)**<br>**[UNDER SEAL]** |

**General Provisions**

This PLEA AGREEMENT is made this __7th__ day of __June__ , 2017, between the United States of America, as represented by Acting United States Attorney Beth Drake, Assistant United States Attorneys Matt Austin and Jim May; the Defendant, **FOUR SEASONS GENERAL MERCHANDISE, INC.**, and the Defendant's attorneys, local counsel Matt Hubbell, as well as Ariel Neuman and Jean Nelson.



IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.　The Defendant agrees to waive Indictment and arraignment, and plead guilty to an Information charging aiding and abetting

3392272.1

an unlicensed money transmitting business, in violation of Title 18, United States Code (U.S.C.), § 1960(b)(1)(B) and Title 18 United States Code, § 2. The Defendant also agrees to waive venue and plead guilty to the Information in the District of South Carolina.

In order to sustain its burden of proof, the Government is required to prove the following:

Count 1

a.   The Defendant, aided and abetted;

b.   The operation of an unlicensed money transmitting business; that is a business

    i.   That transmitted funds;

    ii.  Without complying with the requirements of 31 U.S.C. § 5330.

The penalty for this offense is:

a fine of not more than the greater of $500,000 or twice the gross pecuniary gain from the offense, plus a special assessment of $400.

2.   The Defendant represents that Ariel A. Neuman, counsel to Defendant, has been authorized by Defendant's Board of Directors to enter into this Agreement on behalf of the Defendant.

3392272.1                              -2-

3.    The Defendant understands and agrees that monetary penalties
      [i.e., special assessments, fines and other payments required
      under the sentence] imposed by the Court are due immediately
      and subject to enforcement by the United States as civil
      judgments, pursuant to 18 U.S.C. § 3613.

      A.    Special Assessment: Pursuant to 18 U.S.C. §3013,
            the Defendant must pay a special assessment of $400
            for the count of conviction named above.    This
            special assessment must be paid at or before the
            time of the guilty plea hearing.

      B.    Fines: The Defendant understands that the Court may
            impose a fine pursuant to 18 U.S.C. §§ 3571 and
            3572.

The parties agree that any fines, forfeitures, and special
assessment resulting from the Plea Agreement will be paid out
of the funds already seized, and that this Agreement also
resolves all related seizures.    Because those funds have been
seized by the Government, the Government will return the funds
necessary to pay any fines and special assessment to Defendant
before the entry of a guilty plea pursuant to this Agreement.

4. **Factual Basis:** The Defendant voluntarily accepts criminal responsibility for the offense to which it is pleading guilty, and agrees that the following joint factual statement is a true and accurate statement, which provides a sufficient basis for the Defendant's plea of guilty to Count One. The Defendant further agrees that had this matter proceeded to trial, the following facts would be established beyond a reasonable doubt through competent evidence and testimony:

   a. Beginning no later than September 2014, Four Seasons General Merchandise, Inc. ("Four Seasons"), a general merchandise wholesaler located in Los Angeles, California, aided and abetted the operations of an unlicensed money transmitting business which was engaged in the interstate and international transmission of funds without complying with the requirements of Title 31, United States Code, Section 5330. The Defendant committed this conduct by and through the acts and omissions of its agents and employees who were acting within the scope of their agency and employment and with the intent to benefit the Defendant. Specifically, Four Seasons sold merchandise to long-time customers that were located in Mexico and received and accepted as payment for goods sold cash deposits into its account at Bank of America. Four Seasons recklessly disregarded

3392272.1                        -4-

the fact that certain payments did not come directly from the customers but instead were made by individuals associated with an unlicensed money transmitting business. The payments constituted moneys owed for real goods sold by Four Seasons to real customers located in Mexico. The goods included typical "dollar store" type merchandise such as puzzles, night lights, ice cube trays, and crayons.

b. The parties agree that at least $232,836.00 in cash was deposited by individuals working for or at the direction of the unlicensed money transmitter during the course of the offense.

c. The parties agree that this amount does not constitute the gain to Four Seasons from its participation in this offense, as it is likely that some or all of the long-time Mexican customers would have purchased and paid for goods regardless of whether Four Seasons accepted payment through the unlicensed money transmitter, and since this number does not take into account costs of goods sold and other costs associated with the sales of the goods in question.

d. ████████████████████████████████████

3392272.1                        -5-



5.  The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant abiding by federal and state criminal laws. In the event that the Defendant fails to comply with any of the provisions of this Agreement, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw its plea of guilty to the offense(s) enumerated herein.

6.



7. The Government agrees that if the Defendant complies with the

terms of this Agreement,

████████ the United States Attorney's Office for the District of South Carolina will not further criminally prosecute or pursue further criminal, civil, or administrative forfeiture actions related to the Defendant ████ ████████████████████████ for violations of federal law arising out of the Government's investigation, including the conduct giving rise to the instant Plea Agreement, including the conduct described in the stipulated factual basis and the alleged receipt of payments or cash from any "money broker," drug trafficker, or other person affiliated with such individual, whether received into bank accounts or otherwise, and will dismiss any such claims that have been filed against the Defendant. The Government further agrees that if the Defendant complies with the terms of this Agreement, ████████████████████████████████████████ the United States Attorney's Office for the District of South Carolina agrees to recommend to any other jurisdiction considering prosecution of Four Seasons ████████████ for matters related to the conduct now under investigation that there should be no further charges. ████████████████████



8.

9.

██████████████████████████

10.    The Defendant agrees to be placed on probation provided that supervision is transferred to the Central District of California where Defendant is located. The Defendant's probation term will be for 36 months, including a 12-month ramp-up period during which the Company will submit to Probation for its approval a compliance and ethics program relating to handling of cash, structuring, and unlawful money transmission. Subject to the approval of the supervising probation officer, the Defendant will retain a qualified and independent individual or firm in or around the Los Angeles area to monitor the Company's compliance efforts during the probation term. During the active supervision portion of the probationary term, if the compliance monitor determines that there has been material non-compliance, the same will be reported to the supervising probation officer.

## Breach of Agreement

11.    Defendant ████████████ agree that if Defendant ████ ████████ knowingly violate or fail to perform any obligation under this Agreement, the Government, in its sole discretion, may withdraw from this agreement. ████████████

█████████████████████████████████████████

███████████████████ Whether the Defendant ███ ████████ has

violated the terms of this Agreement will be determined by

the Court at an appropriate hearing where ████████████

████████████████████████████████████████████████████

the United States' burden is by a preponderance of the

evidence.

### Merger and Other Provisions

12.   The United States and the defendant agree, pursuant to

Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure,

that the appropriate sentence in this case is a fine of

$325,000, a probationary period of 36 months, and a forfeiture

of property in the amount of $1,340,661.99. The Defendant

understands that should the Court, after consideration of the

circumstances surrounding this case, accept this Plea

Agreement that the Court will not have the discretion to vary

from the terms set forth in this Agreement.

13.   The Defendant and the Government stipulate and agree to

the following for purposes of calculating the Defendant's

sentence pursuant to the United States Sentencing Commission

Guidelines:

a. Four Seasons will agree for purposes of settlement that it recklessly disregarded unlicensed money transmissions totaling $232,836.00 in cash █████████████

b. The appropriate penalty in this case is a fine of $325,000 and a 36-month term of probation as set forth herein. In addition, Defendant agrees to the forfeiture set forth herein.

c. Guidelines Calculations:

| | | |
|---|---|---|
| § 2S1.3(a)(2) | Base Offense Level | 6 |
| § 2B1.1(F) | Unlicensed payments: $232,836 | 10 |
| | | 16 |

d. The parties agree that the Defendant's culpability score should be 3 under § 8C2.5. This represents a base culpability score of 5 under § 8C2.5(a) and a two-point downward adjustment for cooperation and acceptance of responsibility under § 8C2.5(g)(2).

| | | |
|---|---|---|
| § 8C2.4(d) | Base Fine | $300,000 |
| § 8C2.6 | Max and Min Multipliers | 0.6 – |
| | | 1.2 |
| | | $180,000 – $360,000 |

e. The parties agree that the fine will be paid on the date of sentencing from the moneys that the Government

3392272.1

-12-

previously seized from Four Seasons' bank accounts. A
special assessment of $400 pursuant to § 8E1.1 will also
be paid from the seized funds. Because these funds are
in the possession of the Government, the Government
agrees to effectuate payment of the special assessment
and fine. No restitution shall be ordered under § 8B1.1.

14.    With regard to each and every asset listed in the
Information, the Defendant stipulates and agrees:

a. Defendant agrees to voluntarily surrender, and not
contest the forfeiture of the $1,665,661.99 that was
seized by the government (less any moneys subtracted
to pay the fine and special assessment ordered in this
case), and in return, the Government will release
Defendant ███████████ from civil and
administrative claims relating to the conduct under
investigation, and not seize or seek to forfeit any
other funds owned or in the possession of Defendant
████████████ The parties agree that $232,836.00
of the $1,665,661.99 represents documented payments
██████████ from September 2014 through the
closure of the Bank of America account in June 2015.
The remaining $1,432,825.99 represents cash and other
instruments deposited into Defendant's bank accounts
that have not been documented as paid ████████

3392272.1                    -13-

███████ but which Defendant agrees to forfeit as part of the resolution of this matter.

b. The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

c. That the Defendant has or had a possessory interest or other legal interest in each item or property.

d. To assist the United States in the recovery of the subject assets by taking whatever steps are necessary or requested by the United States to pass clear title to the United States.

e. The Defendant waives all rights to notice of forfeiture of the $1,665,661.99 that was seized by

3392272.1                        -14-

the government under Rule 32.2 and of any other action or proceeding regarding these assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

f.    Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

g.    The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of the property as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

15.    In the event that the Defendant complies with all terms of this Agreement and the Court declines to impose this sentence, the Defendant will have the right to withdraw its

FRCRP 11(C)(1)(c) plea. If the Defendant does not comply with all the terms of this Agreement, the United States may seek the maximum sentence allowed by law and the Defendant will not be allowed to withdraw its plea.

16.     Defendant agrees to waive its right to the issuance of a Presentence Investigation Report pursuant to Fed. R. Crim. P. 32, and the parties agree that the information contained in this Agreement, the Statement of Facts, and the Information are sufficient to enable the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii). Both parties agree to recommend that the Defendant's change of plea hearing and sentencing be held on the same day.

17.     The Defendant represents to the court that it has met with its attorneys on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with its attorneys and related all information of which the Defendant is aware pertaining to the case; that the Defendant and its attorneys have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the

3392272.1                           -16-

proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

18.     The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence.  Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255.  (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

19.     The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought

under the Freedom of Information Act, 5 U.S.C. § 552, or the
Privacy Act of 1974, 5 U.S.C. § 552a.

20. 

21.    The parties hereby agree that this Plea Agreement
contains the entire agreement of the parties; that this
Agreement supersedes all prior promises, representations and
statements of the parties; that this Agreement shall not be
binding on any party until the Defendant tenders a plea of
guilty to the court having jurisdiction over this matter;
that this Agreement may be modified only in writing signed by
all parties; and that any and all other promises,
representations and statements, whether made prior to,
contemporaneous with or after this Agreement, are null and
void.

5-17-17
_____
Date

_____
**FOUR SEASONS GENERAL MERCHANDISE, INC.**
**DEFENDANT**

3392272.1                        -18-

_5/17/11_
Date

_MATT HUBBELL_
ATTORNEY FOR THE DEFENDANT

_5/16/17_
Date

_JUAN NELSON_
ATTORNEY FOR THE DEFENDANT

_5/17/17_
Date

_ARIEL HUSMAN NEUMAN_
ATTORNEY FOR THE DEFENDANT

_6/29/17_
Date

_BETH DRAKE_
UNITED STATES ATTORNEY

_5/17/2017_
Date

_MATT AUSTIN (#11435)_
ASSISTANT UNITED STATES ATTORNEY

3392272.1

5-79-2017
Date

JIM MAY (#11355)
ASSISTANT UNITED STATES ATTORNEY

# U. S. DEPARTMENT OF JUSTICE

## Statement of Special Assessment Amount

**This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement</u>.**

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 2:16-cr-00189-RMG |
| DEFENDANT'S NAME: | FOUR SEASONS |
| PAY THIS AMOUNT: | $400.00 |
| PAYMENT DUE ON OR BEFORE: | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401**

OR HAND DELIVERED TO:
**Clerk's Office**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401**  (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER  (<u>Do Not send cash</u>)*

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*

3392272.1